UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Francine Fieldman,

        Plaintiff,

v.                                                        Civil No. 14-3374 (JNE/JSM)
                                                                  ORDER

Minnesota Department of Health Employees
Local Number 920 of the American
Federation of State, County and Municipal
Employees, AFL-CIO; and American
Federation of State, County and Municipal
Employees, AFL-CIO,

        Defendants.

    Francine Fieldman, a member of Minnesota Department of Health Employees Local Number 920 of the American Federation of State, County and Municipal Employees, AFL-CIO (Local 920), served as Local 920's treasurer until August 2013. After an audit of Local 920 by American Federation of State, County and Municipal Employees, AFL-CIO (AFSCME), Local 920's current treasurer filed charges against Fieldman. The charges asserted that Fieldman had mismanaged Local 920's finances for years and that reimbursements of more than $24,000 were inadequately documented. In anticipation of a hearing before either Local 920 or a judicial panel of AFSCME, Fieldman brought this action in state court. She claimed that "Defendants' procedures for the hearing do not provide appropriate due process that would permit [her] to properly and fairly prepare for the hearing." Local 920 understood Fieldman to have alleged a violation of the Labor-Management Reporting and Disclosure Act (LMRDA) and removed the action from state court. After the action's removal, Fieldman moved for a

1

preliminary injunction. She requested the following relief: that a hearing scheduled to take place before a judicial panel of AFSCME on October 9, 2014, be enjoined; that the hearing be required to take place before a panel of Local 920; that Local 920 be required to disclose more information about the charges; that Local 920 and AFSCME be required to produce documents; that Local 920 be required to disclose its witnesses and exhibits; that Local 920 be required to provide a copy of its exhibits; and that Fieldman be afforded "such other additional trial preparation as may reasonably be required before a trial date is set herein."

Local 920 and AFSCME opposed the motion. They argued that Fieldman had not demonstrated a likelihood of success on the merits or a threat of irreparable harm in the absence of a preliminary injunction. They also argued that she had not demonstrated that the balance of harms favors her or that a preliminary injunction would serve the public interest. Briefly, Local 920 and AFSCME asserted that Fieldman had not demonstrated a likelihood of success on the merits because the charges against her may properly be referred to a judicial panel of AFSCME, that her requests for additional information and documents must be addressed to the panel in the first instance, that subpoenas are not required to afford her due process, and that she had failed to exhaust her internal union remedies.

In her reply, Fieldman acknowledged that the hearing may take place before a judicial panel of AFSCME and that "some exhaustion of Panel remedies should occur[] before the [C]ourt is asked to make specific rulings on discovery matters that could be resolved by the Panel." She concluded by requesting that the hearing scheduled to take

2

place on October 9 be enjoined; that the hearing be deferred "until other appropriate discovery and trial preparation is made"; that "a proper procedure be undertaken to appoint a panel and a Panel Chairperson as provided by Panel rule"; that "a reasonable time be required for Defendants to produce the documents requested almost a month ago, or that Defendants respond in a meaningful way as to what their intentions are with respect to the requests," and that, "if necessary," the parties be allowed to "argue their respective positions to the Panel Chairperson"; that, "[i]n the unlikely event that either party is dissatisfied with the Panel discovery determinations, to the extent that significant denial of fair process is implicated, the parties [be allowed] to return to the [C]ourt for a ruling"; and that "the [C]ourt assume jurisdiction sufficient to permit [Fieldman] to request subpoenas to require production of documents in the control of non-parties and the attendance of witnesses who are no longer union members."

   In deciding whether to grant a motion for a preliminary injunction, a court considers: (1) the movant's likelihood of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the harm experienced by other parties if the injunction issues; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc).  To demonstrate a likelihood of success on the merits, a plaintiff must demonstrate a "fair chance of prevailing."  *Planned Parenthood Minn., N.D., S.D. v. Rounds*, 530 F.3d 724, 732 (8th Cir. 2008) (en banc).  A preliminary injunction is an extraordinary remedy. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  The movant bears the

burden of establishing the *Dataphase* factors.  *CDI Energy Servs., Inc. v. W. River Pumps, Inc.*, 567 F.3d 398, 402 (8th Cir. 2009).

Under the LMRDA, a member of a labor organization may not "be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing." 29 U.S.C § 411(a)(5) (2012).  "The 'full and fair hearing' requirement of the LMRDA incorporates the 'traditional concepts of due process.' Not all of the due process protections available in the federal courts apply to union disciplinary proceedings.  Such proceedings need only adhere to the 'basic principles of due process.'" *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 385 (2d Cir. 2001) (citations omitted).

"The LMRDA 'is not a license for judicial interference in the internal affairs of a union.'" *English v. Cowell*, 969 F.2d 465, 471 (7th Cir. 1992) (quoting *Howard v. United Ass'n of Journeymen*, 560 F.2d 17, 21 (1st Cir. 1977)).  "'Generally, the courts will require an exhaustion of intra-union remedies in the absence of some showing that to do so would be futile or that the remedies are inadequate.'" *McPhetridge v. IBEW, Local Union No. 53*, 578 F.3d 886, 889 (8th Cir. 2009) (quoting *Buchholtz v. Swift & Co.*, 609 F.2d 317, 320 (8th Cir. 1979)); *see* 29 U.S.C. § 411(a)(4).

Fieldman has not established a fair chance of prevailing or a threat of irreparable harm.  She has not demonstrated that the balance of harms favors her.  Nor has she demonstrated that the public interest would be served by issuing a preliminary injunction.

Fieldman acknowledged that the hearing may take place before the judicial panel of AFSCME and that "some exhaustion of Panel remedies should occur." She has not demonstrated that she will not have a reasonable time to prepare her defense or that she will not be afforded a full and fair hearing. Subpoenas are not required to comply with the requirement of a full and fair hearing. *Int'l Bhd. of Teamsters*, 247 F.3d at 385-86. The Court denies Fieldman's motion for a preliminary injunction.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Fieldman's motion for a preliminary injunction [Docket No. 9] is DENIED. LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 25, 2014

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
